UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BILLIE JO CLAYBURN-DAY, :
: NO. 1:10-CV-00859
    Plaintiff, :
:
:
 v. : **OPINION AND ORDER**
:
:
COMMISSIONER OF SOCIAL :
SECURITY, :
:
    Defendant.

This matter is before the Court on the Magistrate Judge's Report and Recommendation, (doc. 13), Plaintiff's Objections (doc. 14), and Defendant's Response (doc. 15). In her Report and Recommendation, the Magistrate Judge recommended that the decision of the Administrative Law Judge ("ALJ") denying Plaintiff Supplemental Security Income ("SSI") be affirmed and this case be dismissed from the docket of the Court (Id.). For the reasons indicated herein, the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety.

**I. Background**

Plaintiff filed an application for SSI on April 18, 2007, alleging a disability onset date of January 27, 2007, due to depression, hearing problems, high blood pressure, asthma and sleep apnea, which Defendant denied initially and subsequently upon reconsideration (doc. 13). Plaintiff subsequently requested a

hearing before an ALJ, which she obtained, and at which she was represented by counsel (Id.). The ALJ denied Plaintiff's application on December 16, 2009, following which Plaintiff requested review by the Appeals Council (Id.). The Appeals Council denied Plaintiff's request for review, thus rendering the ALJ's decision the final decision of the Commissioner (Id.).

On appeal to this Court, Plaintiff contends the non-disability determination should be reversed for seven reasons (Id.). Plaintiff maintains the ALJ erred by 1) failing to give controlling weight to the findings of her treating physician, 2) relying on the findings of the consultative examining physician, 3) failing to find that Plaintiff's impairments met the requirements of Listing 12.04, 4) failing to properly consider Plaintiff's illiteracy, 5) failing to consider the combined effect of Plaintiff's mental and physical impairments, 6) selectively considering certain evidence of record, and 7) failing to find Plaintiff's subjective complaints of pain to be credible (Id.). The Magistrate Judge issued her Report and Recommendation rejecting each of Plaintiff's contentions and concluding Defendant's decision was supported by substantial evidence (Id.). Plaintiff filed her Objections (doc. 14) and Defendant its Reply (doc. 15), such that this matter is ripe for the Court's review.

## II. The Magistrate Judge's Report and Recommendation

### A. Weight Accorded to Treating Physician Opinion

The Magistrate Judge noted that it is proper to accord less weight to a treating physician's opinion, when such opinion is unsupported by objective evidence in the record (doc. 13, citing Blakely v. Commissioner of Social Security, 581 F.3d 399, 406 (6th Cir. 2009). In this case, the Magistrate Judge found, the ALJ properly determined there was no evidence to support the treating physician Dr. Everson's opinion that Plaintiff qualifies as disabled. The Magistrate Judge noted that although Plaintiff complained of disabling back pain, Dr. Everson's notes consist primarily of Plaintiff's subjective complaints, and do not contain any x-rays or other tests confirming the severity of the pain alleged (Id.). Moreover, although Plaintiff was diagnosed with carpal tunnel syndrome, obesity and her complaints of lower back pain, the Magistrate Judge noted that a mere diagnosis or catalogue of symptoms does not indicate functional limitations caused by the impairment (Id. citing Young v. Sec'y of Health and Human Servs., 925 F.2d 146, 151 (6th Cir. 1990)). The Magistrate Judge further noted that Dr. Everson's findings were inconsistent with those of Dr. Sheridan, the state agency physician who reported mostly normal findings and opined that Plaintiff's back and knee impairments did not cause severe work-related limitations (Id.). Other physicians had observed no pain in Plaintiff's joints or musculoskeletal

system during examinations, and Plaintiff's daily activities were inconsistent with Dr. Everson's extreme limitations (Id.). As such, the Magistrate Judge found the ALJ properly found Dr. Everson's findings inconsistent with other evidence, and accorded proper weight to such findings (Id.).

**B. Mental Impairments**

With respect to her mental impairments, the Magistrate Judge found the ALJ properly determined that Plaintiff did not meet the criteria in Listing 12.04(B) (Id.). Such listing requires that Plaintiff have at least two of the following: 1) marked restriction of activities of daily living, or 2) marked difficulties in maintaining social functioning, or 3) marked difficulties in maintaining cooperation, persistence or pace, or 4) repeated episodes of decompensation, each of extended duration (Id.). A reviewing psychologist, Dr. Swain, found Plaintiff only had "mild" restrictions in activities of daily living, "moderate" limitations in both her difficulties maintaining social functioning and her difficulties maintaining concentration, persistence, and pace, and no episodes of decompensation (Id.). The Magistrate Judge found the ALJ reasonably relied on Dr. Swain's opinion, because evidence showed Plaintiff was able to care for three children, prepare meals, drive, and go out alone (Id.). The Magistrate Judge also found the ALJ reasonably determined in light of Plaintiff's depression and testimony that she has trouble getting along with

-4-

others, that she was moderately limited in the areas of social functioning, maintaining concentration, and in maintaining persistence and pace (Id.).  Lastly, the Magistrate Judge found correct the ALJ's determination that there is no indication Plaintiff experienced any episodes of decompensation (Id.).  The Magistrate Judge concluded therefore that Plaintiff failed to carry her burden in proving that she met the requirements of Listing 12.04 (Id.).

### C. Plaintiff's Credibility

The Magistrate Judge found without merit Plaintiff's contention that the ALJ did not adequately consider her pain and credibility (Id.).  The Magistrate Judge noted the ALJ's decision indicates he carefully considered Plaintiff's testimony and complaints of disabling pain, and found no objective evidence to support Plaintiff's allegations (Id.).  The ALJ noted the record contains mostly normal or mild clinical findings (Id.).  In such regard, the ALJ found no evidence Plaintiff suffers from persistent neurological deficits, or signs of nerve root compromise (Id.).  Moreover, imaging studies failed to reveal significant pathology in the lumbar spine and examinations were mostly negative for clinical signs of radicular pain (Id.).  Finally, examinations showed Plaintiff had a normal gait, she did not use ambulatory aids, and she was able to perform a full squat unassisted (Id.).

The Magistrate Judge found this objective evidence and

clinical findings shows Plaintiff's subjective complaints of pain were not fully credible (Id.). The Magistrate Judge rejected Plaintiff's contention that her epidural injections showed her pain was credible, as actually the injections were quite effective in controlling her pain (Id.). The Magistrate Judge reported the ALJ correctly noted Plaintiff had received minimal treatment during the relevant period and had not been hospitalized since 2006 (Id.). These facts, along with Plaintiff's ability to perform activities of daily living, belied Plaintiff's allegation of disabling pain (Id.). The Magistrate Judge concluded the ALJ's credibility finding was supported by substantial evidence, is entitled to deference, and should be affirmed (Id.).

**D. Plaintiff's Remaining Errors**

Plaintiff further asserted the ALJ erred in considering Plaintiff's illiteracy and failed to consider the combined effect of her physical and mental impairments (Id.). Plaintiff also argued the ALJ erred by selectively considering certain evidence of record (Id.). The Magistrate Judge found such assertions lacking in evidentiary support, and rejected them (Id.).

The Magistrate Judge found no evidence in the record showing Plaintiff was illiterate or had significant reading limitations, as in fact, Plaintiff reported she had no difficulty reading, she can pay her bills, and use the family computer (Id.). The Magistrate Judge further found the ALJ fully considered the

combined effect of her impairments in his decision and in his detailed questioning of the vocational expert in relation to such impairments (Id.). Finally, the Magistrate Judge rejected Plaintiff's contention that the ALJ failed to consider certain pieces of evidence favorable to a finding of disability (Id.). The Magistrate Judge found the ALJ reasonably rejected VE testimony that was based on Dr. Everson's findings, as the underlying findings were not supported by objective medical evidence (Id.). The Magistrate Judge concluded the ALJ properly selected hypothetical questions that accurately described Plaintiff's limitations, and the VE's testimony in response that there are many jobs Plaintiff can still perform therefore constitutes substantial evidence that Plaintiff is not disabled (Id.). Accordingly, the Magistrate Judge rejected each of Plaintiff's theories of error, and recommended Defendant's decision be found to be supported by substantial evidence (Id.).

## III. Plaintiff's Objection

Plaintiff essentially objects to the Magistrate Judge's Report and Recommendation on the basis that treating physician Dr. Everson's opinion was supported by objective medical evidence and should be accorded controlling weight (doc. 14). Specifically, Plaintiff signals objective medical findings by Dr. Everson regarding decreased sensitivity to pinprick, absent deep tendon reflexes in the lower extremities, and tenderness of Plaintiff's

back (Id.). Plaintiff further asserts her long treating relationship of Dr. Everson should militate in her favor, and emphasizes the state agency physician only saw her one time (Id.).

As for Listing 12.04, Plaintiff contends Dr. Simon noted Plaintiff was severely depressed; Dr. Everson repeatedly noted anxiety and depression; Dr. Anaya diagnosed depressive disorder and mentioned sleep disturbance, problems concentrating, decreased energy, and feelings of guilt or worthlessness (Id.). Dr. Anaya diagnosed Plaintiff with a GAF of 45, which Plaintiff contends constitutes objective medical evidence of impairment, as such GAF score places her within a range of severe symptoms including "any serious impairment in social, occupational or school functioning" (Id.).

As for illiteracy, Plaintiff indicates Dr. Seifert diagnosed her with a third grade reading level in March of 2011 (Id.). Dr. Seifert diagnosed Plaintiff with Dysthymic Disorder, Reading Disorder, and borderline intellectual functioning (Id.). Plaintiff contends there is therefore objective medical evidence supporting her disability claim (Id.).

**IV. Discussion**

The Court, having reviewed this matter de novo pursuant to 28 U.S.C. §636(b) finds the Magistrate Judge's Report and Recommendation well-reasoned, thorough, and correct. The Court finds the ALJ's decision supported by substantial evidence. The

Court agrees with Defendant (doc. 15), that Plaintiff's proffered claims of error are lacking in merit.

The Court finds that Plaintiff's ability to function in activities of daily living belies her claim of disability. The ALJ properly rejected Dr. Everson's opinion as unsupported by objective medical evidence. The Court rejects Plaintiff's contention that Dr. Everson's findings of decreased sensitivity to pinprick, absent deep tendon reflexes in the lower extremities, and tenderness of Plaintiff's back support a finding of disability. Such findings are contradicted by evidence of other doctors who found Plaintiff did not exhibit pain and walked normally. The Court similarly rejects Plaintiff's contention that she meets the requirement of Listing 12.04. Plaintiff's GAF score puts her in a range, but does not establish a serious impairment in functioning. Moreover Listing 12.04 requires that Plaintiff also exhibit either marked restriction in activities of daily living, or difficulties in maintaining cooperation, persistence, or pace, or repeated episodes of decompensation. There is no objective medical evidence of any of these issues. Finally, Plaintiff's own testimony that she could read and use the computer belie any notion that she qualifies for disability based on illiteracy.

The Parties were served with the Report and Recommendation and were therefore afforded proper notice of the Magistrate Judge's Report and Recommendation required by 28 U.S.C.

§ 636(b)(1)(C), including that failure to file timely objections to the Report and Recommendation would result in a waiver of further appeal. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).

Accordingly, having reviewed this matter de novo pursuant to 28 U.S.C. §636(b), the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety (doc. 13), AFFIRMS the decision of the ALJ, and DISMISSES this case from the docket.

SO ORDERED.


Dated: February 8, 2012          /s/ S. Arthur Spiegel
                                 S. Arthur Spiegel
                                 United States Senior District Judge